HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JAMES WINN,

          Plaintiff,

vs.

BOYD TINSLEY;

          Defendant.

Case No. 2:24-cv-00511-JHC

**DECLARATION OF HENRY I. WILLETT III IN SUPPORT OF MOTION TO DISMISS**

1. I am an attorney for Defendant Boyd Tinsley ("Defendant"). I am in the process of submitting my pro hac application. I submit this declaration in support of Defendant's Motion to Dismiss, and I am of legal age and competent to testify to the matters contained herein.

2. Teresa Wakeen previously mediated a dispute between the parties.

3. Plaintiff and Defendant entered into a Confidential Settlement Agreement and Mutual Release of All Claims dated June 5, 2019 (the "2019 Settlement Agreement"). Pursuant to the 2019 Settlement Agreement, Plaintiff and Defendant agreed to arbitrate any disputes

DECLARATION OF HENRY I. WILLETT III IN SUPPORT OF
MOTION TO DISMISS – 1
2:24-cv-00511-JHC

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

under the Settlement Agreement, including Plaintiff's claims in this suit. Section 9 of the 2019 Settlement Agreement provides:

> In the event a Party believes that the other Party has breached the confidentiality or non-disparagement provisions in Section 6 or 7, the injured Party shall provide written notice to the other Party. The injured Party must provide specific notice to the allegedly breaching Party (in person, registered mail, etc.). If the allegedly breaching Party does not contest the alleged breach within thirty (30) days, he shall deliver payment to the injured Party for the liquidated damages within seven (7) calendar days following the thirty (30) day period after which notice was received. **If the allegedly breaching Party contests the alleged breach, the allegedly breaching party may elect to initiate arbitration** using Teresa Wakeen as arbitrator. In the event of a finding of one or more breaches, the breaching Party shall deliver payment for the liquidated damages amount determined by the arbitrator to the injured Party within seven (7) calendar days of the date on which the arbitrator delivers the decision to the Parties. The prevailing party in any such dispute shall be entitled to recover their fees and costs, including the arbitrator's costs, in an amount to be determined by the arbitrator. **Any such arbitration shall be final and binding on the Parties.** The arbitration decision shall be included in a Judgment that may be filed with King County Superior Court. **The arbitration shall be governed by the American Arbitration Association Employment Arbitration Rules.**

4. On March 2, 2022, Plaintiff's counsel notified Defendant's counsel in writing of Plaintiff's allegations that Facebook posts purportedly made by Defendant constituted a breach of the 2019 Settlement Agreement.

5. On April 1, 2022, I responded that Defendant contested Plaintiff's allegations of breach. In the following months, the parties, by counsel, corresponded regarding Plaintiff's claims and potential methods for resolution.

6. On November 17, 2022, in accordance with the Arbitration Provision, Defendant, by counsel, with the consent of Plaintiff's counsel, sent a letter to Teresa Wakeen informing her of Plaintiff's allegations of breach of the 2019 Settlement Agreement and that the parties elected to arbitrate their dispute before her. The same day, Teresa Wakeen declined the arbitration appointment, citing her practice as a neutral and suggesting mediation.

DECLARATION OF HENRY I. WILLETT III IN SUPPORT OF
MOTION TO DISMISS – 2
2:24-cv-00511-JHC

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

7. The parties proceeded to mediation with Ms. Wakeen on April 18, 2023, but failed to resolve Plaintiff's claims.

8. Following the mediation, there were no further communications related to Plaintiff's allegations until February 6, 2024. At that time, Plaintiff's counsel sent another demand and attached a copy of the lawsuit ultimately filed in the Superior Court of the State of Washington in and for the County of King.

9. In response, on February 20, 2024, Defendant, through counsel, reminded Plaintiff's counsel that his claims were subject to the parties' agreement to arbitrate.

10. On February 22, 2024, Jason Hatch, counsel for Plaintiff, acknowledged via email to Defendant's counsel that "The deadline for [Plaintiff's] defamation claim was about to run, and as such our filing was necessary…We are happy to agree to a stay of proceedings while we discuss (and hopefully enter into) arbitration." Attached hereto as **Exhibit A** is a true and correct copy of the February 22, 2024, email.

11. Attached hereto as **Exhibit B** is a true and correct copy of excerpts of the AAA's Employment Arbitration Rules and Mediation Procedures.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: April 22, 2024.

Henry I. Willett III

DECLARATION OF HENRY I. WILLETT III IN SUPPORT OF
MOTION TO DISMISS – 3
2:24-cv-00511-JHC

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I caused a true and correct copy of the foregoing document to be served on the parties listed below via ECF/electronic mail:

Stephanie Henderson Stocker, WSBA No. 33567
Henderson Law Group, PLLC
1800 Cooper Point Road SW, Bldg. One
Olympia, WA 98502
stephanie@hendersonlaw.net

Jason Hatch, WSBA No. 31798
368 Newell St.
Seattle, WA 98109
Jayhatch11@gmail.com

*Attorneys for Plaintiff*

DATED April 22, 2024, at Seattle, Washington.

*s/ Elizabeth Roth*
Elizabeth Roth, Legal Assistant

DECLARATION OF HENRY I. WILLETT III IN SUPPORT OF
MOTION TO DISMISS – 4
2:24-cv-00511-JHC

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

| | |
|---|---|
| From: | jason H <jayhatch11@gmail.com> |
| Sent: | Thursday, February 22, 2024 12:34 PM |
| To: | Henry Willett; Ashley Schmitz; Denise Kenfield; Stephanie Stocker; twakeen@wakeen.net |
| Subject: | [Caution External] James Frost-Winn |
| | |
| Categories: | Filed to ND |
| FilingIndicator: | -1 |

Hi Henry,

As you know we attempted mediation in April of last year. At that point you were directed by the mediator to send us financial statements. We have yet to receive anything from your office, let alone documentation supporting the only defense raised to this point; that Mr. Tinsley has no money to honor the terms of his settlement agreement.
The deadline for our defamation claim was about to run, and as such our filing was necessary.
Please note that any attempt to make this appear as a violation of our settlement agreement, rather than the timely and necessary filing allowed under the settlement agreement, will be met with a counterclaim for fees, as well as all other legal remedies.
We are happy to agree to a stay of proceedings while we discuss (and hopefully enter into) arbitration. Previous attempts have proven futile, but one can always hope.

All the best.
Jason Hatch, Attorney for James Frost-Winn

--
/s/ Jason Hatch

1

# EXHIBIT B

# Employment

## Arbitration Rules and Mediation Procedures



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/employment**

Rules Amended and Effective November 1, 2009
Introduction Revised October 1, 2017

- (2) Simultaneously shall send a copy of any counterclaim to the Claimant.
- (3) Shall include with its filing the applicable filing fee provided for by these rules.

(iv) The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.

c. The form of any filing in these rules shall not be subject to technical pleading requirements.

### 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

### 6. Jurisdiction

a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

c. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

### 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative